In re Panayiotis T. VELIOTIS, Alleged Debtor.

Bankruptcy No. 87–03044–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 23, 1987.

See also, Bkrtcy., 79 B.R. 849.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo., for U.S.

Thomas E. Douglass, Larry A. Reed, St. Louis, Mo., for General Dynamics.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

Upon the Court's own motion, the single Petitioning Creditor was ordered to show cause why the venue of this involuntary proceeding should not be transferred from this District. An expedited hearing was conducted on October 20, 1987. The facts pertinent to the venue question are essentially not disputed.

On October 14, 1987, the United States of America (Petitioning Creditor) filed an Involuntary Petition alleging that Panayiotis T. Veliotis was generally not paying his debts as they become due; that he was not a resident of the United States; that the United States' claims are based upon violations of the False Claims Act, 31 U.S.C. § 3729, and the Anti-Kickback Act, 41 U.S.C. § 51 et seq.; and that the Alleged Debtor's principal assets have been within the Eastern District of Missouri for the 180 days preceding the filing of the Petition. The Government's claims against the Alleged Debtor are set out in a complaint in the United States District Court for the Southern District of New York. The complaint has not yet been set for trial.

In response to the Court's order to show cause, General Dynamics Corporation, a Delaware corporation with its principal place of business in St. Louis, Missouri, filed several motions including a motion to dismiss the Involuntary Petition, a motion to abstain from hearing further proceedings, and an alternative motion in opposition to transfer of venue. General Dynamics has described itself as the holder of a claim against the Alleged Debtor based upon a Canadian judgment which was entered at the time of or immediately prior to the filing of this Involuntary Petition.

At the hearing on the venue question, the Government announced that for the convenience of the parties, the involuntary proceeding should be transferred to the Southern District of New York.

After consideration of the record as a whole, the Court announced its findings and conclusions from the bench as outlined below:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and

That the only question which is ripe for adjudication at this hearing is whether the proceeding on the Involuntary Petition should continue in the Eastern District of Missouri; and

That the jurisdiction to hear the proceeding upon the Involuntary Petition lies within the United States Bankruptcy Court as referred to it by the United States District Court for the Eastern District of Missouri; and

That generally, the question of venue in a bankruptcy proceeding is decided upon a consideration of the interest of justice and the convenience of the parties; and

That in the circumstances presented in this case, it is not necessary that the Bankruptcy Court determine the actual location of the Alleged Debtor's assets for the purpose of deciding the proper venue for further proceedings on the Involuntary Petition; and

That it is clear from this record that the Petitioning Creditor and the party opposing a transfer of venue (General Dynamics) agree that the Alleged Debtor's assets are not located in the Southern District of New York; and

That it is also clear from this record that a substantial portion of the Alleged Debtor's assets in the form of certificates of stock, may be located within the Eastern District of Missouri; and

That the record does not suggest that any of the Alleged Debtor's assets are located in any other judicial district of the United States; and

That in this involuntary proceeding, a question exists as to a creditor's standing to oppose the request for an order for relief prior to the filing of an answer or response by the Alleged Debtor; and

That the Petitioning Creditor in this matter elected to commence this case in the Eastern District of Missouri; and

That in deciding the question of venue, it is not necessary that the Bankruptcy Court determine the validity of a non-bankruptcy judgment claimed by General Dynamics; and that such questions concerning disputes between creditors are more appropriately the subject matter of non-bankruptcy proceedings; and

That it is in the interest of justice and for the convenience of the parties that the proceedings on this Involuntary Petition remain in the Eastern District of Missouri; and that, therefore,

IT IS ORDERED that this hearing be concluded; and

That the motion of General Dynamics to Intervene is granted in part, in that said Movant may intervene and prosecute its motions in opposition to a transfer of venue; and that further intervention of General Dynamics is denied without prejudice; and

That the Order to show cause why the venue of this case should not be transferred from this District is set aside; and

That the motion of the Petitioning Creditor to transfer the venue of this case to the Southern District of New York is denied; and

That the motions of General Dynamics to dismiss the Involuntary Petition or abstain from hearing this case are denied without prejudice; and

That this matter proceed upon the Amended Involuntary Petition filed on October 15, 1987; and that the Petitioning Creditor is to forthwith provide a copy of this order to the Alleged Debtor or his legal representative.